E. L. Dugan,  )
    Appellant  )
                )
    v.  )
Oklahoma Health Care Authority )
    Appellee  )
-------------------------------)
M. W. Dugan,  )
    Appellant  )
                )
    v.  )
Oklahoma Health Care Authority )
    Appellee  )
-------------------------------)
H. L. Dugan,  )
    Appellant  )
                )
    v.  )
Oklahoma Health Care Authority )
    Appellee  )
-------------------------------)
C. I. Dugan,  )
    Appellant  )
                )
    v.  )
Oklahoma Health Care Authority )
    Appellee  )
-------------------------------)
F.C. Dugan, (minor)  )
    Appellant  )
                )
    v.  )
Oklahoma Health Care Authority )
    Appellee  )
-------------------------------)

Case No. 20-247



*Handwritten annotation:* 5-17-CV-001221-001 Still without remedy Standard of care of judicious and proper representation without misled or improperly 12-3-20

## Appeal and Hearing Demand with Plaintiff Expert Witnesses
## Amended Complaint

The simply stated amended claim on appeal moves to the State of Oklahoma administrative authorities for removal of civil authority and remedy over all-risk public

and private health and property insurance provisions delayed and denied. The Oklahoma Health Care Authority (OHCA) has administrative law authority over the eligible title II public health plans and is wrapped in the other medical authorities for the private plans and property insurance, wills, trusts and intellectual properties for these appellants who are a Oklahoma statespersons plaintiff family. OHCA has used an incorrect standard of review. Failing both arbitrary-or-capricious and substantial evidence under the Administrative Procedures Act.

### Hearing

Under the "judiciable controversy" as the Honorable Judge Joseph H. Young terms, OHCA appeals are expected to commence with impartial authority over contract and insured benefits laws. The evidence for severity of illness, loss of property and quality of life and continued health making the claims not time barred have not been reviewed. Plaintiff appointed expert witnesses will provide review and expertise over health, life and property insured provisions displaced under civil authority for a decade now. These appellants have not been given a hearing through OHCA. Under law, it would be cherry picking or an arbitrary and capricious standard to omit certain family members instead of all plaintiffs originally covered and even cared for together on policies before displaced by civil authority. Young ordered the plaintiff family consolidated into this case. The best outcome will be individual awards within the group.

A fair hearing is required under 75 O.S. 250.1. Composition of Administrative Procedures Act. The passage reads:

A. The Administrative Procedures Act shall be composed of two Articles.

Sections 250, 250.1, 250.3, 250.4, 250.5 and 250.8 of this title are applicable to both Articles I and II. Article I relating to agency filing and publication requirements for rules shall consist of Sections 250.2, 250.6, 250.7 and 250.9 through 308.2 of this title and Section 5 of this act. Article II relating to agency notice and hearing requirements for individual proceedings shall consist of Sections 308a through 323 of this title.

B. Except as otherwise specifically provided in Section 250.4 of this title (OHCA is not an exception), all agencies shall comply with the provisions of Article I and Article II of the Administrative Procedures Act.

Added by Laws 1987, c. 207, § 2. Amended by Laws 1989, c. 360, § 2, emerg. eff. June 3, 1989; Laws 1997, c. 206, § 3, eff. Nov. 1, 1997.

The appellants who are the Oklahoma statespersons plaintiff family include (the plaintiff family), mother Erika Dugan, father Marcus Dugan, their two daughters Hailey and/or Felicity and son Carlin. Marc and Erika were married in Tulsa, Oklahoma and have been married for 27 years. The plaintiff family currently resides in Cleveland county.

This complaint originated in Federal Oklahoma Western District US District Court 5-17-cv-001221- 001 the dismissal ordered state proceedings for state claims. Judge Russell mentioned "all claims" to be remedied. The complaint continues due to civil unrest and unmet physician ordered medical need with a sidelined plan of care for diagnosed and previously treated undisputed specialized medical conditions by legitimate medical sources with hierarchy and standard of care. This coverage applies when a civil

authority (e.g., state, local or federal governmental entity) prohibits access to an insured's premises or policies due to direct physical loss of or damage to property, from a covered cause of loss. US DC WDMO 6:20-cv-03127-SRB, Southern Hospitality, Inc. v. Zurich American Insurance Co., 393 F. 3d 1137 (10th Cir. 2004), Borah, Goldstein, Atschuler, Nahins & Goidel, P.C. v. Trumbull Insurance Co., 2016 N.Y. Slip Op. 32736 (U) (N.Y. Cty. Apr. 5, 2016).

Erika operated a business in the home, had her business insured with her home insurer and separate business bank accounts she had asked for a loan for expansion to an office before the authorities found water findings over the maximum contaminant levels but the bank denied her expansion loan. The plaintiff family's access to care and property became prohibited to their home due to civil authority interruptions in care and property.

The plaintiff family seeks a declaratory judgement for breech of contract Extra Expense coverage environmental coverage (Counts III, V), Dependent Property coverage (Counts V), Civil Authority coverage (Counts IV, V), Extended Home Business Income coverage & Equipment (Counts II, II), Ingress and Egress coverage (Counts I, I), Health Care Coverage (Counts XV, II), Irreparable Harm (V, II) and Sue and Labor coverage (Counts XIII, XIV). The plaintiff family asks for access to an upload site the way a lawyer would have access to place documents for hearing about insurance values, a time and declaration of linear progressions of health and unmet health needs, damages to health, and other disruptions by civil authorities. Under administrative law, we ask your honor to provide a list of documents you expect to review, questions it is felt documents should answer and anything else expect to prepare properly for an OHCA hearing to

reflect statespersons, natural born citizenship, family history, childrearing and care for illnesses, life threatening events without interference, misleading or impropriety by any actors, prove legal challenges met or other necessary documentation.

Rules and Statutes such as OS 2001, §1361 – §1375; 75-85.58A; 36 OK Stat § 36-309.3 illustrate how OHCA serves as an authority wrapped in many areas of medical need and insured status key players and these laws link the bad actor and misled experiences or impropriety with how payers prejudice the medical need of patients and lead away from the patient/physician relationships and the rules of "all risk" insurance to follow standards of care, treat to better, and refrain from blaming the patient.

Under 75 O.S. 250. It seems the Chief Executive Officer of the Oklahoma Authority might be "Administrative head" of Oklahoma medical governance and how that wraps around Oklahoma Universities that practice medicine, state agencies and their role in legislative governance, medical office staff, and licensed staff, defense attorney health care lawyers that continue to mislead or place alternate fact on the plaintiff family through McAfee and Taft of Oklahoma City, Connors and Winters of Tulsa, and other collection agencies for medical balance billing such as Morgan & Associates, Works & Lentz, Tulsa Adjustment Bureau lawyers as health seeking has occurred and some acute care commences.

*[Handwritten annotations:]*

*I paid the bills, I purchased the policies, I paid the [illegible], fake authorities lie.*

Erika Dugan – mother plaintiff E.L. Dugan 12-3-20

Free from derision – father plaintiff M.W. Dugan 12-3-20

Withstanding – son plaintiff C.I. Dugan 12-3-20

Over the arguments – daughter (oldest) plaintiff H.L. Dugan 12-3-20

I paid these bills! – minor daughter (age 15, 2 at first applications) F.C. Dugan 12-3-20 (redacted signature please)